IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>VISHAL GOSWAMI,<br><br>　　　　Defendant. | Case No. 8:25CR70<br><br>**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO SUPPRESS IDENTIFICATION EVIDENCE** |

　　　　COMES NOW Defendant Vishal Goswami by and through counsel, Joseph L. Howard and respectfully moves to suppress the identification testimony of Mr. Goswami by the two minor female victims.  Defendant seeks to suppress the out of court identifications made by the minor females in an interview on January 6, 2025 on the grounds that law enforcement employed an impermissibly suggestive identification procedure that created a substantial likelihood of irreparable misidentification in violation of due process.  Newly obtained evidence, adduced in February 6, 2026 depositions of the minor females supports the argument that the minor females could not, and cannot definitively identify Defendant as one who assaulted them, without the minor females being subject suggestive identification procedures.

　　　　Accordingly, as the minor females' January 6, 2025 identifications of Defendant were fundamentally suggestive and flawed, their probative value is outweighed by their prejudicial effect. Thus, the prior identifications of January 6, 2025 should not be admitted at trial.

　　　　In her deposition, the prosecution showed MF2 a single photo of the defendant, who initially asked, if that was an Indian man, or something to that effect to determine his race. Note that the deposition transcripts are on order and will clarify precisely what she asked to verify if she was looking at a person of the same race as the hotel workers.  When advised that the man in the photo was of that race, she identified Defendant as a man who came to her sleeping room. There was another room where the Indian hotel workers assaulted the minor females.　After suggestion by the prosecutor, MF2 then identified Defendant as more than a hotel worker who came to her room, she then identified him as one of the sexual assault perpetrators.  She went on to testify that Defendant not only had sex with her but also MF1.   This identification did not happen until the prosecution showed MF2 a single photo of him and helped her remember.

Prior to the state prosecutor showing MF2 the single photo of the Defendant and "helping" her remember, MF2, on direct examination, had already identified an artificially generated photo of an Indian looking man, in an 8-person photo array. She identified this fake person as one of the three men who, "beyond a reasonable doubt" sexually assaulted her, and confidently asserted that she would never forget that face.

The deposition testimony supports the argument that the two minor females cannot identify the Defendant, that the identification procedure was so flawed that the results are more prejudicial than probative, and are so unreliable.

## INTRODUCTION

This motion seeks suppression of identification evidence stemming from a photo identification procedure in which officers displayed to the minor victims, single photographs of Indian male hotel employees, including an image of Mr. Goswami taken from the hotel surveillance video system. In the photo, Defendant is shown in the same hotel where the minor females were assaulted. Not only did the photo place the Defendant at the scene of the crime, the photos were shown without employing safeguards such as double-blind administration or admonitions that the suspect might not be present. The two witnesses subsequently purported to identify Mr. Goswami.

These two minor victims underwent a deposition some 13 months after the January 6, 2025 interview. In the deposition of February 6, 2026, MV1 did not definitively identify Defendant, and MV2, when finally provided a photo array was certain that she was assaulted by an AI generated man. The prosecution tried to rehabilitate her identification by showing her a single photo of the defendant. Her identification was initially that he was a hotel worker who had come to their room. The prosecution encouraged her, and MV2 went on to identify Defendant as an assailant. On redirect, MV2 testified that it was the prosecutor who helped her remember and identify Defendant, again by using a single photo of the defendant, depicted in single picture of him in a police interrogation room.

The new deposition evidence shows that the initial identification produced false and unreliable identifications of defendant as one who had sexual relations with MF1 and MF2.

**FACTUAL BACKGROUND**

1. Law enforcement received information concerning alleged misconduct by unidentified Indian employees at a hotel where Hispanic minor children were staying and allegedly being trafficked. Officers then conducted a photo identification procedure with the children.

2. Rather than a proper lineup with adequate fillers, police presented a small set of only three to four individual photographs of Indian male hotel employees, including the Defendant, drawn from still frames of hotel surveillance video. The still image of Defendant displayed him within the hotel setting, reinforcing the implication that he was the perpetrator connected to the location of the alleged events.

3. Officers did not employ a double-blind administrator, did not provide an admonition that the perpetrator might not be depicted, and failed to ensure that fillers matched Defendant's complexion, ethnicity, age, or physical characteristics. The procedure at times devolved to a single-photo display, a method repeatedly condemned as highly suggestive.

4. During a related video-recorded interview, officers cued the witnesses through directive prompts during photo viewing, including instructing the witness to focus on clothing and proposing specific clothing details, then asking the witnesses to confirm identifications of individuals depicted. The witnesses made identifications in response to these prompts.

5. It is believed that there were two minor victims who were being sex trafficked, one with the initials L.G.M.G. (MF1) and the second with L.O.D.(MF2).

- Per MF2 it is believed that she identified defendant Vishal Goswami in a single photo, shown during an interview on January 6, 2025.
- The officer explicitly tells her they will show "some photos," and asks her to "tell me who is who. Is that okay?"
    - MF2 reply: "Sí." ("Yes.")—she agrees.
    - First Photo: MF2 identifies a short, dark-skinned man with a beard as "the one who went to knock on the door," noting "that's the one I told you was dark-skinned…the short one with the little beard…who knocked on my door and told me to go to 210." The interviewer uses clothing (e.g., yellow-striped sweater, /checkered sweater) to clarify which person is being discussed.

- o MF2. at first unsure on the clothing details but is clear on the physical characteristics.
- o Second Photo**:** MF2. is shown another photo and identifies "He is the one with stripes. After finishing with him, then I got to go with him." In context, this refers to the sequence of sexual assaults.
- o Summary and Confirmation**:** The officer and child confirm together, based on the photos, which was first, second, and that the third was with her girlfriend, the other minor victim.

6. The photos are presented in a serial fashion, with the officer prompting the child to use clothing to avoid confusion between multiple men. There is no formal photo lineup or procedural advisements.
7. MF2's identifications are made in response to direct prompts after description and confirmation from the interviewer.
8. MF2 identified three hotel workers.
9. On or about February 6, 2026, when deposed by defense counsel, MF2 testified throughout the deposition that she was assaulted by three Indian men who worked at the hotel. When shown a photo array of 8 men, all of who appeared to be of Indian descent, she identified three of the 8 who had sexually assaulted her. However, Defendant was not in the photo line array. Two other co-defendants were in the photo array. And she could ID them. MF2 was advised that the Defendant may or may not be in the photo array. And while he was not, MF2 was very confident in her identification of the AI generated image as the third man who had assaulted her.
10. After MF2 had identified the AI image as a perpetrator, the prosecution then showed MF2 a single photo of Defendant in the police interrogation room. MF2 first asked if the person depicted in the photo was Indian, or a question similar in nature. She then identified him as a man who had come to her room to talk to the person she had traveled with. The prosecution prompted her asking if he had sex with her, to which she then added that the person in the photo in fact had assaulted her, and added that the person had assaulted MF1 also.

11. MF1 was also deposed on February 6, 2026 and when the prosecution showed her an image of the defendant, MF1 was unable to definitively identify him as one who had assaulted her.

12. In deposition, when shown the image of defendant, MF1 expressed marked uncertainty, repeatedly stating she did not recall very well, that she only "felt like" it was him, and acknowledging it was possible he was just a hotel worker who did not have sex with her; she ultimately could not say "yes" because she did not recall. Her statements vacillated between a tentative association and explicit recognition that she might be mistaken as to any sexual conduct, underscoring weak reliability on this identification.

13. This uncertainty must be assessed against the backdrop of the prior suggestive procedures of the January 6, 2025 interview. From the reports it is unclear to the defense if MF1 actually identified Defendant. She was shown a photo of Goswami, but described him as a "3rd AmericInn employee" as a "taller Asian male, dark skin complexion, medium length full beard, longer hair and slicked back, no eyeglasses and approximately 30 years old," and it appears from the reports that, "This subject was later identified as Vishalgir GOSWAMI." Later, when shown photos of AmericInn Hotel employees, MF1 identified the photos of "Kavan Kumar Patel" (who paid for sex with MF1 first), "Sumit Chaudhari " (who paid second), and "Vishalgir Goswami" (who paid to have sex with MF2). The reports suggest that this identification by MF1 of Goswami from photos matched her earlier verbal description. However, Goswami would not be described as a taller man or having a full-length beard.

## LEGAL STANDARD

An identification obtained through procedures "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification" violates due process. *Simmons v. United States*, 390 U.S. 377, 383 (1968). The Court evaluates (a) whether the police used unnecessarily suggestive procedures, and if so, (b) whether, under the totality of the circumstances, the identification is nonetheless sufficiently reliable considering the factors in *Neil v. Biggers*, 409 U.S. 188 (1972), and *Manson v. Brathwaite*, 432 U.S. 98 (1977). See also *Perry v. New Hampshire*, 565 U.S. 228 (2012)

When suggestiveness taints the procedure, courts may suppress both the out-of-court identification and any in-court identification lacking an independent origin. *United States v. Wade*, 388 U.S. 218, 234 (1967); *United States v. Crews*, 445 U.S. 463 (1980).

## ARGUMENT

I. The identification procedure was impermissibly and unnecessarily suggestive.

Police used a markedly limited photo display—only three to four images—comprising Indian male hotel employees, including Defendant, rather than a fair lineup with non-suspect fillers matching relevant characteristics. The images were surveillance stills that placed Defendant in the very hotel context of the alleged misconduct, inherently signaling to the Minor Females that the police believed Defendant was involved. Officers further failed to utilize a double-blind administrator or to warn that the perpetrator might not be among the images, heightening pressure to choose someone from the small set. At points the procedure amounted to a single-photo display—precisely the type of practice the Supreme Court has condemned as "highly suggestive." *Simmons*, 390 U.S. at 383. Additionally, officers' directive prompts during photo viewing, including suggestive references to clothing and confirmatory phrasing, compounded the risk of misidentification.

II. Under the totality of the circumstances, the identification is unreliable.

Applying the *Biggers/Manson* reliability factors confirms unreliability here. The record reflects: (a) brief, stressful encounters and interactions within a hotel setting; (b) minor female victim witnesses whose degree of attention is affected by stress; (c) limited and imprecise prior descriptions; (d) expressions of certainty shaped by suggestive police cues; and (e) unclear timing between the events and the identification. The witnesses are Hispanic and Defendant is Indian, introducing cross-racial identification concerns that further diminish reliability. The suggestive context of the surveillance-still photograph depicting Defendant in the hotel accentuated a confirmatory bias.

III. The identification's minimal probative value is substantially outweighed by unfair prejudice.

Because the procedure's suggestiveness drove the witnesses' selection, the resulting identification has limited probative value regarding actual memory of the perpetrator. The risk of unfair prejudice is substantial: presenting an image of Defendant in the hotel environment invites the jury to conflate location context with guilt and to credit an identification born of police suggestion rather than independent recollection. Suppression is warranted to prevent undue prejudice and to safeguard due process.

IV. Evidence adduced in the February 6, 2026 deposition reiterates that the Minor Females cannot independently identify Defendant as a perpetrator.

The deposition transcripts have been ordered and that order included an expeditious preparation demand. The depositions will demonstrate that MF1waivered and could cannot definitively say if Defendant assaulted her, suggesting that any prior identification, may have been the product of a suggestive and improper identification process. And MF2's deposition demonstrated that she can be confident and absolutely wrong in her identification, when offered a photo array.

## RELIEF REQUESTED

For the foregoing reasons, Defendant respectfully requests that the Court:

a) Suppress the January 6, 2025 identifications of Defendant by the minor victims; and,
b) Conduct an evidentiary Wade/Biggers hearing to assess the admissibility of any identification evidence the government intends to offer.
c) Any additional relief the Court determines is in the interest of justice and which will ensure Defendant a fair trial.

## REQUEST FOR HEARING

Defendant requests that the Court set this motion for an evidentiary hearing at the Court's earliest convenience.

VISHAL GOSWAMI, Defendant

By:   */s/Joseph L. Howard*
      Joseph L. Howard, #22743

DORNAN, HOWARD, BREITKREUTZ,
DAHLQUIST & KLEIN, P.C. LLO
1403 Farnam Street, Suite 232
Omaha, NE 68102
Telephone: (402) 884-7044
Email: JHoward@DLTLawyers.com
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on February 12, 2026, I electronically filed the foregoing document with the Clerk of the District Court using the CM/ECF system which sent notification of such filing to the following:

Danielle Fliam, Assistant United States Attorney

Kathryn Pflug, Assistant United States Attorney

 */s/Joseph L. Howard*