IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>VISHAL GOSWAMI,<br><br>        Defendant. | Case No. 8:25CR70<br><br>**MOTION TO SUPPRESS<br>IDENTIFICATION EVIDENCE<br>&<br>REQUEST FOR HEARING** |

COMES NOW Defendant Vishal Goswami, by and through undersigned counsel, and moves this Court to suppress the out-of-court and any resulting in-court identification testimony of the two minor female witnesses stemming from a photo identification procedure conducted on January 6, 2025, and thereafter, on the grounds that law enforcement and the prosecution employed impermissibly suggestive procedures that created a substantial likelihood of irreparable misidentification in violation of due process. In support, Defendant states:

1.  The identification procedure used with the minor witnesses was unnecessarily suggestive. Officers did not employ a proper lineup with adequate fillers, instead using a markedly limited set of only three to four individual photographs of Indian male hotel employees, including Mr. Goswami, taken from hotel surveillance stills that placed him in the very hotel where the alleged assaults occurred. Officers did not use a double-blind administrator, did not admonish that the perpetrator might not be present, and at times resorted to single-photo displays. During a related interview, officers cued the witnesses with directive prompts, including suggestive references to clothing, and sought confirmations from the children.

2.  The procedure's suggestiveness infected the witnesses' selections and rendered the identifications unreliable under the totality of the circumstances. The record reflects that the witnesses' statements and certainty were shaped by suggestive cues, and that cross-racial and contextual factors further undercut reliability.

3.  Subsequent deposition testimony on February 6, 2026, adds new evidence to prove  the unreliability of the January 6, 2025 identifications. MF2, when shown an 8-person array

comprised of men of Indian descent, confidently identified an AI-generated filler as a perpetrator while Defendant was not in the array. And only after the prosecution displayed a single photo of Defendant did MF2 shift to identify him, acknowledging the prosecutor "helped" her remember. MF1 could not definitively identify Defendant and expressed marked uncertainty.

4.  Because the identifications were the product of impermissibly suggestive procedures and are unreliable, their probative value is substantially outweighed by the danger of unfair prejudice. Suppression is necessary to safeguard due process.

## RELIEF REQUESTED

WHEREFORE, Defendant respectfully requests that the Court:

a) Suppress the January 6, 2025 out-of-court identifications of Defendant by the minor witnesses, and preclude any in-court identifications lacking an independent origin;

b) Set this matter for an evidentiary hearing to assess the admissibility of any identification evidence the government intends to offer; and

c) Grant such other and further relief as the Court deems just and proper.

## REQUEST FOR HEARING

Defendant requests that the Court set this motion for an evidentiary hearing at the Court's earliest convenience.

Dated: February 13, 2026

Respectfully submitted

VISHAL GOSWAMI, Defendant

By:    */s/Joseph L. Howard*
Joseph L. Howard, #22743
DORNAN, HOWARD, BREITKREUTZ,
DAHLQUIST & KLEIN, P.C. LLO
1403 Farnam Street, Suite 232
Omaha, NE 68102

2

Telephone: (402) 884-7044
Email: JHoward@DLTLawyers.com
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2026, I electronically filed the foregoing document with the Clerk of the District Court using the CM/ECF system which sent notification of such filing to the following:

Danielle Fliam, Assistant United States Attorney

Kathryn Pflug, Assistant United States Attorney

*/s/Joseph L. Howard*

3